UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| CHARTER TOWNSHIP OF SHELBY POLICE & FIRE PENSION & RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | : : : : | Civil Action No. 1:25-cv-00863-AKH<br><br>CLASS ACTION<br><br>THE PENSION FUNDS' OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION |
| Plaintiff, | : : : |  |
| vs. | : : |  |
| ARCONIC CORPORATION, TIMOTHY MYERS, ERICK ASMUSSEN, and FREDERICK HENDERSON, | : : : : : |  |
| Defendants. | : : : |  |

4925-6021-4325

## I.    INTRODUCTION

Two motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this action by: (1) Charter Township of Shelby Police & Fire Pension & Retirement System ("Shelby P&F"); and (2) City of Pontiac Reestablished General Employees' Retirement System, Indiana Electrical Workers Benefit Trust Fund IBEW, Indiana Electrical Workers Pension Trust Fund IBEW, and IBEW Local Union 481 Defined Contribution Plan and Trust (collectively, the "Pension Funds"). *See* ECF 15, 19.  On April 14, 2025, Shelby P&F filed a response acknowledging that "the Pension Funds have asserted larger financial interests in the relief sought by the Class." *See* ECF 23 at 2.  As such, the Pension Funds' motion is effectively unopposed.

Based on information contained in the movants' motions, the Pension Funds are the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Indeed, the Pension Funds' loss of approximately $320,461 (including 37,704 shares sold during the Class Period) is more than 7 times greater than the losses claimed by the other lead plaintiff movant, and the Pension Funds otherwise meet the Fed R. Civ. P. Rule 23 typicality and adequacy requirements. Moreover, there will be no "proof" that the Pension Funds are inadequate or subject to unique defenses. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Accordingly, the competing motion should be denied.  The Pension Funds' motion should be granted.

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "'largest financial interest in the relief sought by the class'"; and (2) who otherwise satisfies the requirements of Rule 23.  *See Gilbert v. Azure Power Glob. Ltd.*, 2022 WL 17539172, at

4925-6021-4325

*2 (S.D.N.Y. Dec. 8, 2022) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)). Here, there is no dispute that the Pension Funds possess the "largest financial interest" in this litigation:[1]

| Movant | Claimed Loss | Shares Sold During the Class Period |
|---|---|---|
| **Pension Funds** | **$320,461** | **37,704** |
| Shelby P&F | $42,273 | 7,301 |

*Compare* ECF 21-3 (chart showing the Pension Funds' losses) *with* ECF 17-3 (chart showing Shelby P&F's losses).

Because the Pension Funds possess the greatest financial interest, the next question is whether they "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two of Rule 23's requirements – typicality and adequacy – are satisfied." *Gilbert*, 2022 WL 17539172, at *3 (citation omitted). Here, there is no question that the Pension Funds are typical and adequate of the putative class. *See* ECF 20 at 5-6.

Indeed, like all putative class members, the Pension Funds sold Arconic Corporation common stock during the Class Period and suffered harm as a result of defendants' alleged wrongdoing. Accordingly, the Pension Funds' claims arise from the same conduct from which other class members' claims arise. As to adequacy, the Pension Funds' interest in the outcome of this case is more than sufficient to ensure vigorous adequacy. Moreover, the Pension Funds have evidenced their adequacy by signing sworn Certifications and a Joint Declaration detailing their commitment to

---

[1] Courts that have considered the largest financial interest of lead plaintiff movants in seller securities class actions, such as this case, have evaluated the number of shares sold during the Class Period. *See San Antonio Fire & Police Pension Fund v. Dole Food Co., Inc.*, 177 F. Supp. 3d 838, 840 (D. Del. 2016); *see also Silverberg v. DryShips Inc.*, 2018 WL 10669653, at *5-*6 (E.D.N.Y. Aug. 21, 2018); *White Pine Invs. v. CVR Refin.*, LP, 2021 WL 38155, at *3 (S.D.N.Y. Jan. 5, 2021).

4925-6021-4325

working together to ensure the best possible result in this case. *See* ECF 21-2, 21-4. Moreover, as sophisticated fiduciaries that oversee hundreds of millions of dollars in assets for their members, the Pension Funds are precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors.").

The presumptive lead plaintiff, in this case the Pension Funds, must be appointed unless it is proven that they will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted). Here, there is no dispute that the Pension Funds meet the adequacy and typicality requirements. The Pension Funds have also selected counsel that are highly experienced in securities litigation. *See* ECF 20 at 7-8. Consequently, the "most adequate plaintiff" presumption that lies in the Pension Funds' favor cannot be rebutted.

As such, because the competing movant cannot rebut the most adequate plaintiff presumption, its motion should be denied.

4925-6021-4325

## III.    CONCLUSION

The competing lead plaintiff movant has a substantially smaller financial interest than the Pension Funds and cannot rebut the presumption in favor of appointing them as lead plaintiff in this case.  As such, its motion should be denied.

By contrast, the Pension Funds have the greatest financial interest and satisfy the Rule 23 requirements.  Accordingly, the Pension Funds' motion should be granted.

DATED:  April 14, 2025                                Respectfully submitted,

                                                      ROBBINS GELLER RUDMAN
                                                        & DOWD LLP
                                                      DAVID A. ROSENFELD


                                                      *s/ David A. Rosenfeld*
                                                      DAVID A. ROSENFELD

                                                      58 South Service Road, Suite 200
                                                      Melville, NY  11747
                                                      Telephone:  631/367-7100
                                                      drosenfeld@rgrdlaw.com

                                                      ROBBINS GELLER RUDMAN
                                                        & DOWD LLP
                                                      DANIELLE S. MYERS
                                                      MICHAEL ALBERT
                                                      KENNETH P. DOLITSKY
                                                      655 West Broadway, Suite 1900
                                                      San Diego, CA  92101
                                                      Telephone:  619/231-1058
                                                      dmyers@rgrdlaw.com
                                                      malbert@rgrdlaw.com
                                                      kdolitsky@rgrdlaw.com

                                                      Proposed Lead Counsel for Proposed Lead Plaintiff

4925-6021-4325

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
cbdunn@asherkellylaw.com

Additional Counsel

4925-6021-4325